IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| DUNHILL RESOURCES INC., ET AL., | § | CASE NO. 03-41264-H2-7 |
| Debtors | § | |
| _____ | § | |
| | § | |
| JEFFERY A. COMPTON, TRUSTEE, | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | ADVERSARY NO. 05-3637 |
| | § | |
| HARGETT MARINE, INC. | § | |
| Defendant | § | |

## MEMORANDUM OPINION IN SUPPORT OF ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (doc # 45)

In this adversary proceeding, Plaintiff asks the Court to avoid an alleged preferential transfer to Defendant and to recover the preference for the benefit of the estate. By order dated March 9, 2006, the Court set May 30, 2006 as the deadline for dispositive motions and set June 19 (20 days later) as the deadline for responses (doc # 29). Plaintiff filed its motion for summary judgment on May 30. Defendant has not filed a response to the motion for summary judgment. For the reasons stated below and by final judgment issued this date, the Court GRANTS Plaintiff's motion for summary judgment.

### JURISDICTION

This is an adversary proceeding, a civil proceeding, arising in a case under title 11 and arising under title 11 of the United States Code. The United States District Court has jurisdiction under 28 U.S.C. § 1334(b) and (e). By Order dated August 9, 1984, superceded by General Order 2005-6 on March 10, 2005, under authority granted by 28 U.S.C. § 157(a), the United States District Court for the Southern District of Texas referred all such proceedings to the bankruptcy judges for the district. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(F). The bankruptcy judge may hear and may determine core proceedings, 28 U.S.C. 157(b)(1). No party has objected to the exercise of core jurisdiction by the undersigned bankruptcy judge.

### STANDARDS FOR SUMMARY JUDGEMENT

Summary judgment is warranted if a party establishes that there is no genuine dispute about any material fact and that the law entitles it to judgment, Fed.R.Civ. P. 56(c). Rule 56(c) mandates "the entry of summary judgment, after adequate time for discovery and upon motion, against any party who fails to

make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex v. Catrett*, 106 S.Ct. 2548, 2552 (1986). Fed.R. Civ. P. 56(c) is incorporated into the Federal Rules of Bankruptcy Procedure by rule 7056.

All justifiable inferences will be drawn in the nonmovant's favor, *see Anderson v. Liberty Lobby, Inc.*, 106 S.C.t 2505, 2513 (1986), but conclusory affidavits will not suffice to create or negate a genuine issue of fact. *See Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *Shaffer v. Williams*, 794 F.2d 1030, 1033 (5th Cir. 1986). Unless there is sufficient evidence to return a verdict in the nonmovant's favor, there is no genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. at 2511. Admissibility of evidence on a motion for summary judgment is subject to the standards and rules that govern evidence at trial. *See Rushing v. Kansas City Southern Railway Co.*, 185 F.3d 496 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1171 (2000).

Rule 56 of the Federal Rules of Civil Procedure provides:

> (c) ... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
>
> (e) ... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for the trial.

## DISCUSSION

To prevail on his motion for summary judgment, Plaintiff must provide evidence on each element of his claim and must either submit evidence which negates an element of the Defendant's defense or show that Defendant's evidence is insufficient to establish an essential element of its defense. *FDIC v. Giammettei*, 34 F.3d 51, 54 (2nd Cir. 1994). Defendant did not file a response to Plaintiff's motion for summary judgment.

Plaintiff attached to the motion for summary judgment three affidavits, Defendant's response to Plaintiff's request for admissions, and copies of an invoice and a check, which were produced by Defendant. The attachments establish each of the elements required for a claim under § 547. In addition, the attachments are sufficient to negate elements of Defendant's defense or show that Defendant's evidence is insufficient to establish an essential element of its defense. The unopposed affidavits need no other corroboration to establish an undisputed fact on summary judgment. *Sorrentino v. U.S.*, 199 F.Supp.2d 1068, 1074 (D. Colo. 2002) *rev'd on other grounds*, 383 F.3d 1187 (10th Cir. 2004) *cert denied*, 126 S.Ct. 334 (2005). Therefore, the Court finds that there are no genuine issues of material fact for trial.

CONCLUSION

By separate written judgement issued this date, Plaintiff's motion for summary judgment is GRANTED.

SIGNED   July 12, 2006

*Wesley W. Steen*
_____
WESLEY W. STEEN
UNITED STATES BANKRUPTCY JUDGE